Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000549
09-JUN-2017
07:56 AM

NO. CAAP-16-0000549

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CARL LEDUNE, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 15-1-136K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Carl Ledune (Ledune) by amended complaint with harassment (Count 1) and first-degree terroristic threatening (Count 2). The complaining witness for Count 1 (CW1) was a tow truck driver, and the complaining witnesses for Count 2 were police officers. A jury trial was commenced on the charged offenses. At the close of the State's case, the Circuit Court of the Third Circuit (Circuit Court)[1] granted Ledune's motion for judgment of acquittal as to Count 2. By agreement of the parties, the Circuit Court dismissed the jury and continued with a bench trial on Count 1. At the conclusion of the trial, the Circuit Court found Ledune guilty as charged of harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(f)

---

[1] The Honorable Ronald Ibarra presided.

(2014).[2/]  The Circuit Court sentenced Ledune on Count 1 and entered its Judgment on July 6, 2016.

On appeal, Ledune contends that there was insufficient evidence for the Circuit Court to find him guilty of harassment. We disagree and affirm the Circuit Court's Judgment.

I.

The State presented evidence that Ledune was a large individual, standing about six feet two inches tall and weighing about 275 to 280 pounds.  CW1, a tow truck driver, received an assignment from the County's Abandoned Vehicle Division to tow seven vehicles abandoned in the area of the Hawaiian Ocean View Estates.  The vehicles were located on the side of the road next to Ledune's driveway.  When CW1 arrived at the scene, he got out of his truck to inspect the abandoned vehicles.  Ledune came out from his property and confronted CW1.  Ledune appeared "kind of angry" and was swearing at CW1.  CW1 told Ledune that he was there to check on the cars and tow them away.  In response, Ledune said, "You not towing no fuckin cars."  CW1 explained that he was just doing his job, and Ledune said, "I don't give shet about your job."  CW1 jumped into his truck and drove it up the road because Ledune was angry, Ledune had started walking toward his house, and CW1 did not know whether Ledune was "going in his house [to] grab something" or what he was doing.

CW1 drove his truck up the road then turned around to face Ledune's property, about "one half of one football field" or "one football field" away.  CW1 called his dispatcher to see what the County wanted to do because he did not want to get into a conflict with Ledune and CW1 had heard there had been problems with these vehicles before.  The dispatcher called 911.

---

[2/] HRS § 711-1106(1)(f) provides:

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

. . .

(f)     Makes a communication using offensively coarse language that would cause the recipient to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another.

2

In the meantime, CW1 saw Ledune emerge from his property with a bat. The CW1 saw Ledune "whack" one of the cars that CW1 was assigned to tow with the bat, smashing the driver's window.[3] CW1 thought Ledune hit the window because of CW1. When the CW1 saw Ledune smashing the window, CW1 also heard Ledune yelling and screaming that "Nobody's taking my shet." After Ledune smashed the car's window, he waived the bat while facing CW1's truck and looking at CW1. CW1 "felt kind of treatened with the bat" so he decided to drive away from the area.

Ledune admitted that he said "fuck you" when CW1 was present and that he told CW1 that "You ain't taking my vehicle."

II.

When an appellate court reviews a defendant's claim that there was insufficient evidence to support a guilty verdict, we must view the evidence adduced at trial in the light most favorable to the prosecution. State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." Id. (block quote format altered; citation omitted). Applying the applicable standard of review, we conclude that there was sufficient evidence to support the Circuit Court's finding that Ledune was guilty of harassment, in violation of HRS § 711-1106(1)(f).

Accordingly, we affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawai'i, June 9, 2017.

On the briefs:

John Knoebber
for Defendant-Appellant.

David Blancett-Maddock
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

---

[3] At trial, the State introduced a black baseball bat that the police had recovered from the scene.